Cite as 2025 Ark. App. 203

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-24-851

| | | |
|---|---|---|
| CHARLES ROHR | | Opinion Delivered April 9, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. 43JV-23-35 ] |
| V. | | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD | | HONORABLE BARBARA ELMORE, JUDGE |
| | APPELLEES | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Charles Rohr appeals the Lonoke County Circuit Court order terminating his parental rights to his minor child (MC). On appeal, Rohr argues that the circuit court abused its discretion by not accepting his consent to the termination of his parental rights. We affirm.

On March 15, 2023, the Arkansas Department of Human Services (DHS) petitioned for ex parte emergency custody and dependency-neglect of MC, who was born in February 2023. The petition named Rohr as the putative father. In the affidavit attached to the petition, the DHS worker stated MC was on a ventilator at Arkansas Children's Hospital for fentanyl poisoning and that MC's mother, Melissa Heston,[1] had tested positive for fentanyl.

---

[1] Heston is not a party to this appeal.

The DHS worker further stated that Rohr tested positive for methadone, but his test was invalid due to temperature. The circuit court entered an ex parte order of emergency custody on the same day.

On April 10, the court entered a probable-cause order, and on June 7, the court entered an order adjudicating MC dependent-neglected due to parental unfitness. On January 3, 2024, the court entered a review order, and it adjudicated Rohr as MC's father after receiving DNA results.

On March 28, DHS and the attorney ad litem petitioned to terminate Rohr's parental rights, alleging four grounds for termination. On April 3, the court entered a permanency-planning order. The court appointed counsel for Rohr and set a termination hearing.

After a continuance, the court held a termination hearing on August 9, 2024. At the beginning of the hearing, Rohr's counsel informed the court that Rohr "is reading through consent at this moment and is about to sign that." The court stated,

> [T]his day of relinquishing rights, there will be times that I will not accept them. Today should have been one of those days where I would not accept it. I will go ahead this time because I've never warned you before, but there are cases where I will not accept a consent on termination of parental rights. I just assume [sic] go through the hearing and wait ten days. Okay?

The following discussion then occurred

THE COURT: Are you consenting, sir? You do not have to.

[ROHR]: I want to be my daughter's father, Your Honor.

THE COURT: Okay.

2

| | |
|---|---|
| [ROHR]: | However, her being with next-of-kin and her family right now, it's— |
| THE COURT: | I'm sorry, I can't hear you. |
| [ROHR]: | I'm—Your Honor, I'm weighing a lot of—I'm weighing the decision right now. |
| THE COURT: | You're what? |
| [ROHR]: | Thinking about it. |
| THE COURT: | Okay. Well, we're going to go on. We're not thinking about it anymore. All right? |
| [COUNSEL FOR DHS]: | Yes, Your Honor. |
| THE COURT: | We'll terminate on both parents if that's the case or not. |

Thereafter, the court proceeded with the termination hearing. The DHS caseworker testified, and following her testimony, Rohr's counsel informed the court that Rohr had signed the consent to termination. The court refused to accept it. The adoption specialist and Rohr's probation officer then testified.

Thereafter, on September 30, the court entered an order terminating Rohr's parental rights based on two grounds. In the order, the court denied Rohr's request to consent to the termination of his parental rights. Rohr appealed the termination order.

On appeal, Rohr argues that the circuit court abused its discretion by not accepting his consent to the termination of his parental rights because the court issued a "blanket rejection" of voluntary consents. He points out that a consent to termination is less prejudicial than involuntary termination because involuntary termination can serve as a

3

ground to terminate his rights to another child. He additionally points out that consent to termination achieves permanency and stability for a child faster than involuntary termination because an involuntary termination usually results in an appeal.

Consent operates as a ground for termination under our Juvenile Code. *See* Ark. Code Ann. § 9-27-341(b)(3)(B)(v)(*a*) (Supp. 2023). A parent may consent to termination of parental rights subject to the court's approval. *Id.* The statute is plain and unambiguous in providing the circuit court with discretion whether to accept a parent's consent to voluntary termination of his parental rights. *See Smith v. Ark. Dep't of Hum. Servs.*, 2022 Ark. App. 379, 654 S.W.3d 678 (discussing Arkansas Code Annotated section 9-27-341(b)(3)(B)(v)(*a*)). A circuit court abuses its discretion when it acts improvidently and without due consideration. *Id.* The statute does not require specific findings to support its decision. *See id.* (discussing Arkansas Code Annotated section 9-27-341(b)(3)(v)(*a*)).

In this case, we find no abuse of discretion by the circuit court. The circuit court did not issue a blanket rejection. The court noted its reluctance to accept consents on the day of a termination hearing. However, as to Rohr, the court questioned him whether he consented to the termination at the beginning of the hearing, and Rohr stated that he was thinking about it. Rohr then waited until the conclusion of the DHS caseworker's testimony to sign the consent. Given these circumstances, we hold that the circuit court did not abuse its discretion by not accepting Rohr's consent to termination of his parental rights tendered after the hearing had begun. We thus affirm the termination of Rohr's parental rights.

Affirmed.

VIRDEN and BARRETT, JJ., agree.

*Leah Lanford*, Arkansas Commission for Parent Counsel, for appellant.

*Kaylee Wedgeworth*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Dana McClain*, attorney ad litem for minor child.